Case 3:22-cv-00270   Document 11   Filed on 12/05/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 05, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:22-cv-270

Agustin Calderon, TDCJ #2200225, *Petitioner*,

v.

Director Bobby Lumpkin, *Respondent*.

**MEMORANDUM OPINION AND ORDER**

Jeffrey Vincent Brown, *United States District Judge*.

The petitioner, Agustin Calderon, is incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division, where Bobby Lumpkin serves as Director. Calderon has filed a federal habeas corpus petition to challenge a prison disciplinary conviction that resulted in the loss of good-time credit. After reviewing all of the pleadings and the applicable law as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this case will be dismissed for the reasons explained below.

I. **BACKGROUND**

The facts set forth in this section are taken from Calderon's petition, Dkt. 1, his supporting memorandum, Dkt. 2, and available state court records about his underlying state court criminal conviction.

In 2018, Calderon was convicted of capital murder and sentenced to life without parole by the 10th District Court for Galveston County, Texas. State court records reflect that this conviction has been affirmed on direct appeal. *See Calderon v. State*, No. 01-18-00422-CR, 2019 WL 6904297 (Tex. App. — Houston [1st Dist.] Dec. 19, 2019, pet. ref'd), *cert. denied*, 141 S. Ct. 1420 (2021).

While serving his life sentence at the Estelle Unit in Huntsville, officials charged Calderon with violating prison rules in TDCJ Case No. 20210124208 by fighting with another inmate. At a hearing held on March 16, 2021, the disciplinary captain found Calderon guilty as charged. As punishment, Calderon lost 30 days of previously earned good-time credit. He also lost commissary privileges and was restricted to his cell for 30 days.

Calderon now seeks relief from the punishment imposed as the result of his conviction in TDCJ Case No. 20210124208, arguing that he was denied due process during his disciplinary proceeding. He asks the court to overturn his conviction and to address violations of his civil rights because prison officials failed to protect him from being assaulted during the fight that resulted in the disciplinary infraction. These claims are addressed below under the legal standard that governs federal habeas corpus review of prison disciplinary proceedings.

## II.    STANDARD OF REVIEW

A petition for habeas corpus relief under 28 U.S.C. § 2254 is the sole remedy for a prisoner's challenge to a disciplinary proceeding that has resulted in the

revocation of time credits affecting the duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that the writ of habeas corpus is the only remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment"). A petitioner is entitled to habeas corpus relief under 28 U.S.C. § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3).

Because the petitioner represents himself, his *pro se* pleadings are entitled to a liberal construction and are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, absent a showing that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).

### III. DISCUSSION

#### A. The Due Process Claim

Calderon contends that he was denied due process during his disciplinary proceeding because he was convicted of fighting in connection with an altercation that was instigated by another inmate. An inmate's rights in the prison disciplinary

setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). But prisoners charged with disciplinary infractions are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 491 (1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007). It is well established that a Texas prisoner can demonstrate a constitutional violation in the prison-disciplinary context only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi*, 211 F.3d at 957–58.

Calderon does not meet the first criteria for relief. Although Calderon lost 30 days of previously earned good-time credit as a result of the challenged disciplinary conviction, he is not eligible for mandatory supervision because of his underlying for conviction for capital murder, which resulted in a sentence of life without parole. *See* Tex. Gov't Code § 508.149(a)(3) (excluding prisoners convicted of capital murder, which is an offense under § 19.03 of the Texas Penal Code, from eligibility for mandatory supervision); *see also Arnold v. Cockrell*, 306

F.3d 277, 279 (5th Cir. 2002) (holding that a Texas inmate serving a life sentence is not eligible for mandatory supervision and, therefore, has no constitutionally protected interest in such release). As a result, Calderon cannot establish that his good-time credit was taken in violation of the right to due process. *See Malchi*, 211 F.3d at 957-58.

The court notes that Calderon's disciplinary conviction also resulted in a temporary cell restriction and the loss of commissary privileges, but the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate a liberty interest protected by the Due Process Clause. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Because the sanctions imposed during his disciplinary proceeding do not implicate a constitutionally protected liberty interest, Calderon cannot establish that his right to due process was violated or that he is entitled to federal habeas corpus relief from his conviction in TDCJ Case No. 20210124208.

**B.     Remaining Claims**

Calderon also asks this court to review whether prison officials violated his constitutional rights by failing to protect him from assault in violation of the Eighth Amendment. The court does not reach Calderon's remaining claims concerning the conditions of his confinement because allegations such as these may only be raised in a civil-rights action under 42 U.S.C. § 1983. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)

("If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release' . . . the proper vehicle is a § 1983 suit.")(internal citation omitted).

The Fifth Circuit has counseled that if a prisoner's initial pleading contains both habeas and civil-rights claims under 42 U.S.C. § 1983, the district court should separate the claims for consideration. *See Orellana*, 65 F.3d at 31 (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)). The court notes that Calderon's claim that prison officials failed to protect him from assault during the altercation that resulted in his disciplinary conviction has been adjudicated already in a separate civil action. *See Calderon v. Hutto*, No. H-21-cv-812 (S.D. Tex. Sept. 19, 2022) (Dkt. 39) (granting the defendants' motion for summary judgment and dismissing Calderon's claim that officials failed to protect him from assault at the Estelle Unit). Accordingly, the court declines to convert this habeas proceeding into a civil action under 42 U.S.C. § 1983 or address his failure-to-protect claim further.

### C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is averse to a habeas corpus petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This standard requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because jurists of reason would not debate whether any ruling in this case was correct or whether the petitioner stated a valid claim for relief, a certificate of appealability will not issue.

### IV.    CONCLUSION AND ORDER

Accordingly, the court **ORDERS** as follows:

1. The habeas corpus petition filed by Agustin Calderon is **DISMISSED WITH PREJUDICE**.
2. A certificate of appealability is **DENIED**.

**The clerk will provide a copy of this order to the petitioner.**

Signed on Galveston Island this  5th  day of  December         , 2022.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE